## Robert L. Thomas and Lease Ruddick, Appellants, v. Sherman Dodge et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed May 4, 1916.

## Statement of the Case.

This is an appeal from a decree rendered by the Circuit Court of Marion county, Illinois. The appeal was originally taken to the Supreme Court on the theory that a freehold interest in real estate was involved, but that court at its February term, 1916, held that no freehold was involved and certified the same to this court. *Dodge v. Thomas*, 272 Ill. 80.

A decree had been rendered by the Circuit Court of Marion county in the above entitled cause, and said decree was appealed from to the Supreme Court, and on the hearing the decree of the Circuit Court was reversed and remanded with direction to the Circuit Court to dismiss the bill filed in said cause as to the property known as the hotel property for want of equity. *Dodge v. Thomas*, 266 Ill. 76. When the cause was reinstated in the Circuit Court the chancellor was of the opinion that inasmuch as the Supreme Court had made no mention of the order dismissing the cross-bill, that all that he had authority to do was to dismiss the original bill as to the property known as the hotel property, and that he had no authority to proceed with said cause under the cross-bill.

KAGY & VANDERVORT, for appellants.

CHARLES H. HOLT, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 439*—*when judgment dismissing bill without reference to cross-bill not res judicata as to rights under cross-bill.* Where a decree of a Circuit Court granting relief on a bill to declare a resulting trust in certain real estate and dismissing for want of equity a cross-bill by claimants of an interest in the property to establish such interest is reversed and remanded by the Supreme Court with directions to dismiss the original bill but no mention is made of the cross-bill, the entire decree of the Circuit Court is reversed by the judgment of the Supreme Court and such decree is not *res judicata* as to the rights of the cross-complainants.